97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald HOTCH, Plaintiff-Appellant,
v.
UNITED STATES of America; Bruce Babbitt, Secretary of the
Interior, Defendants-Appellees.
 No. 95-35403.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1996.
Decided Sept. 5, 1996.
 
 Before: GOODWIN, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hotch appeals the denial of his application for an allotment under the Alaska Native Allotment Act of 1906 (the Act). 34 Stat. 197 as amended August 2, 1956, 70 Stat. 954; former 43 U.S.C. §§ 270-1 to 270-3. We hold that Hotch failed to establish use "potentially exclusive of others," and affirm.
 
 
 3
 The regulations interpreting the Act define "substantial continuous use" as contemplating:
 
 
 4
 the customary seasonality of use and occupancy by the applicant of any land used by him for his livelihood and well-being and that of his family. Such use and occupancy must be substantial actual possession and use of the land, at least potentially exclusive of others, and not merely intermittent use.
 
 
 5
 43 C.F.R. § 2561.0-5(a) (emphasis added). "A claimant need not show that he or she actually excluded others from using the land sought; rather, a claimant must show that the nature of the use was such that, under normal circumstances, any person on the land knew or should have known that it was subject to a prior claim." Angeline Galbraith, 97 IBLA 132, 169 (1987), aff'd upon reconsideration, 105 IBLA 333 (1988).
 
 
 6
 Hotch failed to meet this requirement of potential exclusivity--regardless of what standard of review we apply to the Department of Interior's decision. For while he and his family testified to substantial use of the property, other evidence established that people on the land would not have known of Hotch's prior claim.
 
 
 7
 Several witnesses testified to using the allotment area during the relevant time period. Most remembered seeing Natives in the area, particularly Tom Katzeek, but none remember seeing Donald Hotch. Nor do any of them remember seeing physical evidence of Hotch's use. Indeed, the only evidence in the record of any physical manifestation of use is the presence of stakes for a set net, AR at 482 (Vol. III), and the alleged marking of property boundaries in 1960. AR at 571, 591-594 (Vol. III).[1] These physical manifestations did not appear on the land prior to September 26, 1958 when it was transferred to the Territory of Alaska. They therefore do not help Hotch establish his claim.
 
 
 8
 Given the substantial use of the land by others, none of whom were aware of Hotch's use, we can not say that Hotch's use was "potentially exclusive."
 
 
 9
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "AR" refers to the full administrative record